UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMMUNICATIONS SUPPLY
CORPORATION,

        Plaintiff,

v.

ELECTRO PRODUCTS, INC.,

        Defendant.

CASE NO. C06-829JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment and request for entry of partial judgment from Communications Supply Corporation ("CSC") (Dkt. # 10). Defendant Electro Products, Inc. ("Electro") filed a response indicating that it does not oppose the motion. For the reasons stated below, the court GRANTS in part and DENIES in part CSC's motion for summary judgment, and DENIES CSC's request to enter partial judgment.

## II. BACKGROUND & ANALYSIS

This case arises out of Electro's sale of admittedly defective "patch panels" to CSC. CSC filed suit against Electro alleging five separate causes of action: breach of

ORDER – 1

contract, breach of express warranty, breach of implied warranty of merchantability, negligent misrepresentation, and unjust enrichment. Compl. ¶¶ 20, 24, 28, 32, 35. CSC now moves for summary judgment and requests that the court enter partial judgment for direct damages in the amount of $534,370.55. This figure represents CSC's out-of-pocket expenses incurred in the process of replacing the faulty patch panels sold to its customers. CSC contends that, because Electro concedes liability and admits to the amount of direct damages it owes,[1] the only issue for trial is the question of whether CSC can also collect consequential damages, such as those arising from lost profits, loss of goodwill, and harm to its reputation.

**A.      CSC's Summary Judgment Motion**

There is no genuine issue of material fact for trial on the question of Electro's liability for breach of contract, breach of express warranty, and breach of implied warranty of merchantability. In its Answer and in its response to the instant motion, Electro concedes that it entered into a contract with CSC to sell patch panels, failed to perform under the contract, and breached express and implied warranties. Answer ¶¶ 18-28; id. at 3, ¶ A; Resp. at 2. Electro further admits that it is liable to CSC for direct damages in the amount of $534,370.55. Resp. at 2. Because there are no facts in dispute as to Electro's liability on these three claims, or the resulting amount of direct damages, the court grants summary judgment in favor of CSC on its claims of breach of contract, breach of express warranty, and breach of implied warranty of merchantability, and awards direct damages in the amount of $534,370.55.

---

[1] Although Electro does not oppose CSC's motion, the court still applies the standards of Fed. R. Civ. P. 56. See Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993). Thus, the court determines if CSC's papers are sufficient to demonstrate that there is no genuine issue of material fact and judgment is appropriate as a matter of law. See id. at 950.

ORDER – 2

The court denies summary judgment on CSC's remaining claims of unjust enrichment and negligent misrepresentation. In its motion, CSC references Electro's admission of fault in the most general sense, without reference to any of the five causes of action enumerated in its Complaint. In response, Electro simply refers to its Answer, which admits liability as to the three above-listed claims, but denies fault as to CSC's additional claims of negligent misrepresentation and unjust enrichment. See Answer ¶¶ 30-35. CSC provides no evidence to suggest an absence of material fact as to these latter claims for which it bears the ultimate burden of proof at trial. Without more, the court concludes that summary judgment is inappropriate on CSC's claims of negligent misrepresentation and unjust enrichment.

**B.     CSC's Request for Partial Judgment Under Rule 54(b)**

In addition to requesting adjudication of its claims, CSC moves for an "immediate" entry of partial judgment so that it may collect on the $534,370.55 that the court has now ruled Electro owes in direct damages. Under Rule 54(b), the court can enter a "final judgment as to one or more but fewer than all of the claims" in an action involving multiple claims if it determines "that there is no just reason for delay." Fed. R. Civ. P. 54(b). The effect of an entry of partial judgment is to make such claims immediately appealable. Because the rule raises the possibility of multiple final judgments, and multiple appeals, courts enter partial judgment in relatively few cases. See Gausvik v. Perez, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) ("[I]n the interest of judicial economy Rule 54(b) should be used sparingly."). By contrast, the practice of entering judgment at the close of a case promotes "judicial efficiency, avoids multiplicity of litigation and minimizes delay by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy." Am. States Ins. Co. v. Dastar Corp., 318 F.3d 881, 884 (9th Cir. 2003); see also Gausvik, 392 F.3d at 1009 n.2 ("[Rule 54(b)] was not meant to

ORDER – 3

displace the 'historic federal policy against piecemeal appeals.'") (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)).

The court declines to exercise its discretion to enter partial judgment. The court has yet to consider CSC's claims of unjust enrichment, negligent misrepresentation, and its request for relief in the form of various consequential damages, such as loss of goodwill. All of these remaining claims and forms of relief are related to, or arise from, the same set of circumstances presented here. Accordingly, because CSC's request presents a risk of multiple judgments and multiple appeals on a case that should be considered as a whole, the court will not enter partial judgment. Of course, if the parties resolve the remaining claims, they may file a proposed consent judgment or the court will enter a final judgment and close the matter.

### III. CONCLUSION

For the reasons stated above, the court GRANTS CSC's motion for summary judgment (Dkt. # 10) on its breach of contract, breach of express warranty, and breach of implied warranty of merchantability claims. The court DENIES summary judgment as to the remaining claims and DENIES CSC's request to enter partial judgment.

Dated this 6th day of April, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 4